IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELLEY VANCOPPENOLLE,

                Plaintiff,          Case No. 3:08 CV 2797

   -vs-

                                            O  R  D  E  R

SUN PHARMACEUTICAL, INC.,

                Defendant.

KATZ, J.

This matter involves Plaintiff Shelley Vancoppenolle's lawsuit against her former employer, Defendant Sun Pharmaceutical Industries, Inc ("Sun"). As part of the discovery process, Sun served Charles Jameson, a nonparty witness, with a subpoena on April 9, 2012, commanding him to give deposition testimony about his conversations with Vancoppenolle. Both Jameson and Vancoppenolle, though, claimed attorney-client privilege to protect their communications with one another. Sun has now filed a motion to compel compliance with the subpoena.

Sun argues that this Court should enforce the subpoena because Vancoppenolle put the advice of Jameson "at issue" in the complaint, waiving her right to assert attorney-client privilege. However, the Court need not reach that issue because Vancoppenolle has not established, as a threshold matter, that her communications with Jameson are privileged. Therefore, for the reasons stated herein, Defendant's motion to compel is granted. (Doc. 66). Plaintiff's motion for oral argument is denied as moot. (Doc. 71).

**I. Attorney-Client Privilege**

The elements of attorney-client privilege are as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998) (citing *U.S. v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)). The question of whether the attorney-client privilege applies is a mixed question of law and fact. *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005). The burden of demonstrating the existence and application of attorney-client privilege rests on the party asserting that privilege. *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).

## A.  Attorney as a Friend

Vancoppenolle has failed to demonstrate that Jameson was acting in his professional capacity as a legal adviser. Communications made with an attorney as a friend do not fall within the attorney-client privilege. Kenneth S. Broun, et. al., McCormick on Evidence § 88 (6th ed.); *see also Modern Woodmen of Am. v. Watkins*, 132 F.2d 352, 354 (5th Cir. 1942) ("If the statement is ... to the lawyer merely as a personal friend, the matter is not privileged.").

In the present case, Vancoppenolle, in her deposition, explained that she phoned a family friend, Charles Jameson, who is an attorney, to discuss the possible criminality of her actions at work. Vancoppenolle provided only a limited amount of information explaining the nature of her communication with Jameson. Vancoppenolle, as the party asserting the privilege, must meet the required burden of proof in order to establish attorney-client privilege. Because she did not

2

establish that the advice came from Jameson in his capacity as her attorney, Vancoppenolle has not satisfied this burden.

**B. Confidentiality**

Additionally, Vancoppenolle failed to demonstrate that her communications with Jameson remained confidential.  When a communication is not intended to remain confidential, it falls outside the scope of the attorney-client privilege.  *Rubel v. Lowe's Home Centers, Inc.*, 580 F.Supp. 2d 626, 629 (N.D.Ohio 2008); *see also U.S. v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997) (communications made in the presence of a third party who is not an agent of the client or attorney are not confidential); *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3rd Cir. 1991) ("[V]oluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege."); *but see Farahmand v. Jamshidi*, No. Civ. A. 04-542 (JDB), 2005 WL 331601, at *3 (D.D.C. Feb. 11, 2005) (recognizing a "reasonable necessity" exception to the confidentiality requirement, allowing the use of a translator).

In the instant matter, Vancoppenolle explained at deposition that after her phone conversation with Jameson, "[Jameson] called his father and his father said yes," he believed the conduct was criminal.  (Doc. 68 at 4).  This type of voluntary disclosure to a third party is inconsistent with an assertion of attorney-client privilege.  *Westinghouse Elec. Corp.*, 951 F.2d at 1424.  Again, Vancoppenolle bears the burden of demonstrating that her communication remained confidential, but she has not met that burden.  Therefore, attorney-client privilege as to the communications between Vancoppenolle and Jameson has not been established.

**II. Conclusion**

For the foregoing reasons, Defendant's motion to compel is granted. (Doc. 66). Plaintiff's motion for oral argument is denied as moot. (Doc. 71).

IT IS SO ORDERED.

                                                    S/ *David A. Katz*
                                                    DAVID A. KATZ
                                                    U. S. DISTRICT JUDGE